IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTINE FAVARA ANDERSON<br>*Defendant.* | NO. 3:21-CR-00005<br><br>MEMORANDUM OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |

This case is before the Court on Defendant Christine Favara Anderson's *pro se* motion for downward departure. Dkt. 74. For the following reasons, the Court will deny this motion.

Pursuant to a Rule 11(c)(1)(C) plea agreement, Defendant pled guilty to 3 counts of mail fraud and 8 counts of wire fraud on July 19, 2021. Dkt. 32 at 1. The United States agreed to dismiss her remaining counts in exchange for her plea. *Id.* at 2. And she agreed to be sentenced to between 78 and 180 months' incarceration. *Id.* at 3. On March 1, 2022, this Court sentenced Defendant to 144 months' imprisonment, Dkt. 62, and she did not appeal this sentence. On March 27, 2023, Defendant requested that the Court "consider a downward departure and resentence [her] to a lower sentence . . . on the grounds that . . . diminished capacity could have been asked for but wasn't." Dkt. 74 at 1.

Though subject to a few statutory exceptions, "[a] sentencing court may not, as a general matter, modify a term of imprisonment once it has been imposed.'" *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022) (quoting 18 U.S.C. § 3582(c)); *see also United States v. Fraley*, 988 F.2d 4, 7 (4th Cir. 1993). No legal authority or statute permits the Court to modify Defendant's sentence. Under Fed. R. Crim. Pro. 35, a court can correct a sentence within fourteen days of a sentencing if the sentence "resulted from arithmetical, technical, or other clear

1

error," or may reduce a sentence upon the government's motion based on a defendant's substantial assistance. Neither applies here. Further, Defendant did not file her motion under any provisions of § 3582(c), which "provides a mechanism for a district court to modify an *existing* sentence." *United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022) (emphasis in original). She neither seeks a retroactive guideline reduction under § 3582(c)(2), a change "expressly permitted by statute" under § 3582(c)(1)(B), or compassionate releasee under § 3582(c)(1)(A).[1]

Defendant's request for a lower sentence because "diminished capacity could have been asked for but wasn't," Dkt. 74 at 1–2, is effectively a collateral attack of her sentencing, which can only be brought under 28 U.S.C. § 2255. *Ferguson*, 5 F.4th at 270. "If in substance [a defendant] attacks [her] conviction and/or sentence, [her] filing is subject to the rules set forth in § 2255." *Id.* Thus, the Court **DENIES** Defendant's motion for downward departure.

The Clerk of the Court is directed to send a certified copy of this order to all counsel of record and to the Defendant.

Entered this 8th day of May, 2023.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] There is also no indication that she first applied to the federal Bureau of Prisons for such relief, a prerequisite in seeking compassionate release. *Ferguson*, 55 F.4th at 268. Nor has she shown exhaustion of administrative remedies, as § 3582(c)(1)(A) requires.