UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTINE FAVARA ANDERSON,<br><br>*Defendant.* | CASE No. 3:21-cr-00005<br><br>MEMORANDUM OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |

This case is before the Court on Defendant Christine Favara Anderson's "motion to vacate pursuant to 28 U.S.C. § 2255." Dkt. 84. For the following reasons, the Court will dismiss Defendant Anderson's motion.

In May 2021, a federal grand jury charged Defendant with three counts of mail fraud, in violation of 18 U.S.C. § 1341; eight counts of wire fraud, in violation of 18 U.S.C. § 1343; one count of false statements, in violation of 18 U.S.C. § 1001(a); and one count of concealing records in a federal investigation, in violation of 18 U.S.C. § 1519. Dkt. 11. These charges related to multiple complex fraud schemes perpetrated by Defendant. First, she "took money from book authors by promising to be their book publisher" and "later failed to pay the authors their royalties as owed and did not provide products and services they negotiated." Dkt. 34 ¶ 2. Second, in a different scheme, she "misrepresented her wealth through proof of funds notes" to purchase "expensive real estate." *Id.* ¶ 3. During both schemes she used a "false cancer diagnosis to garner sympathy" from her victims. *Id.* ¶¶ 2–3.

In July 2021, Defendant agreed to plead guilty to the aforementioned wire and mail fraud counts pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C).

1

Dkt. 32. In entering the agreement, Defendant stated that she was made "aware of all the possible consequences" of her plea by her attorney and that she "independently decided" to enter into the plea agreement "voluntarily" and under her "own free will." *Id.* at 15. She also provided that she was "fully satisfied with [her] attorney and [her] attorney's advice."[1] *Id.* at 13. Given these assurances, the Court accepted Defendant's plea agreement and sentenced her to 144 months imprisonment. Dkt. 62.

Over a year after the Court's judgment became final, Defendant mailed a motion requesting that the Court "consider a downward departure and resentence [her] to a lower sentence . . . on the grounds that . . . diminished capacity could have been asked for but wasn't." Dkt. 74 at 1. The Court denied that motion finding that Defendant's request for a lower sentence amounted to "a collateral attack of her sentencing which can only be brought under 28 U.S.C. § 2255."[2] Dkt. 83 at 2. Defendant then filed the present Section 2255 motion. Dkt. 84. She now claims that she "had significant [sic] reduced mental capacity during the years [her] crimes were committed" because she "had been misdiagnosed" and her "correct diagnosis of Borderline Personality Disorder [sic] was never properly treated." *Id.* at 4.

---

[1] The Government, in its motion to dismiss, questioned whether Defendant was making an ineffective assistance of counsel claim. *See* Dkt. 95 at 11 n.2. However, Defendant expressly stated that she was "not assert[ing] ineffective assistance of counsel." Dkt. 102 at 3. Thus, the Court will not address whether Defendant's representation was deficient.

[2] "Because § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements." *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022). Here, the fact that Defendant is "barred from raising [her] arguments in a § 2255 petition does not qualify as an 'extraordinary and compelling reason[ ]' for compassionate release." *Id.* at 271.

## **DISCUSSION**

The Court will dismiss Defendant's Section 2255 motion as procedurally barred for—at least—two reasons. First, Defendant's claim is not cognizable under Section 2255, and second, even if it was, Defendant, as a part of her plea agreement, validly waived the right to collaterally attack her sentence. Accordingly, her motion must be dismissed.

I. **DEFENDANT'S CLAIM IS NOT COGNIZABLE UNDER SECTION 2255.**

The Court must first determine whether Defendant's claim is one it can entertain under 28 U.S.C. § 2255; ultimately, the Court will conclude that it is not. Section 2255 "does not allow for a court's consideration and correction of *every* alleged sentencing error." *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)). Section 2255 provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Significantly, most sentencing errors are not covered by this statutory scheme. "The Supreme Court has interpreted [Section 2255] such that if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Foote*, 784 F.3d at 936 (quoting *Davis*, 417 U.S. at 346). "[T]his remarkably high bar" is only met "when a court is presented with 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" *Id.* (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Important here, mere "misapplication of the sentencing guidelines does not amount to a miscarriage of justice."[3] *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999); *see also United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999). This is because district courts are tasked with conducting an "individualized analysis of the [advisory] sentencing factors set forth in 18 U.S.C. § 3553(a)" for each defendant. *Foote*, 784 F.3d at 941. Thus, even if a district court errs in applying the sentencing guidelines, its error "is harmless if the court also provided [a reasonable] justification for the sentence based on the § 3553(a) sentencing factors." *Id.* (citing *United States v. Evans*, 526 F.3d 155, 165 (4th Cir. 2008)).

For example, in *United States v. Pregent*, the Fourth Circuit reviewed a district court's dismissal of a motion requesting that a defendant's term of supervised release be reduced because the district court misapplied the sentencing guidelines. 190 F.3d at 283. In its decision, the district court had not considered whether the defendant's motion could be viewed as a collateral attack on his sentence. *Id.* The Fourth Circuit, however, believed the motion *was* a collateral attack. *Id.* So, *inter alia*, construing the defendant's motion as a Section 2255 petition, the Fourth Circuit concluded that barring extraordinary circumstances, "an error in the application of the Sentencing Guidelines *cannot* be raised in a § 2255 proceeding." *Id.* at 283–84 (emphasis added). Put differently, guidelines errors—even when all parties agree that an error

---

[3] Notably, this general rule applies with less force to individuals "sentenced in the pre-*Booker* era"—i.e., when the sentencing guidelines were mandatory. *Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018). Then, the "the guidelines were the practical equivalent of a statute." *Hawkins v. United States*, 706 F.3d 820, 822 (7th Cir. 2013). But now, because the sentencing guidelines are advisory, "an erroneous advisory [g]uidelines calculation [i]s unlike a violation of a statute or constitutional provision." *Lester*, 909 F.3d at 715 (citations omitted). Consequently, "[a]n error in the interpretation of a merely advisory guideline is less serious." *Hawkins*, 706 F.3d at 824.

has occurred—are not usually cognizable in a 2255 motion. *Id.* at 280, 283–84. The Fourth Circuit, accordingly, affirmed the district court's dismissal. *Id.* at 284.

The Fourth Circuit's reasoning is dispositive here. Defendant does not identify any constitutional, statutory, or jurisdictional sentencing error. *See* Dkt. 84; Dkt. 102. Rather, she asks the Court to "consider a downward departure and resentence [her] to a lower sentence . . . on the grounds that . . . diminished capacity could have been asked for but wasn't." Dkt. 74 at 1. Because she denies that her motion is one for ineffective assistance of counsel, Dkt. 102 at 3, her request amounts to a claim that the Court erred by not granting her a downward departure for diminished capacity under U.S.S.G. § 5K2.13. In other words, she contends, at most, that the Court misapplied the advisory sentencing guidelines.

This will not do: Defendant's petition to the Court to correct a sentencing error is the precise type of claim that is not cognizable under Section 2255. *Mikalajunas*, 186 F.3d at 495. The Court will, consequently, dismiss Defendant's motion.

II.   **DEFENDANT ALSO WAIVED THE RIGHT TO COLLATERALLY ATTACK HER SENTENCE.**

Even if Defendant's claim was cognizable under Section 2255, she previously waived the right to collaterally attack her sentence as a part of her plea deal; this fact alone would additionally—and independently—preclude her 2255 motion. Her plea agreement states that she "waive[s] any right [she] may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel." Dkt. 32 at 10. Since Defendant is not pursuing an ineffective assistance of counsel claim, Dkt. 102 at 3, her Section 2255 motion cannot survive.

As a general rule, "the right to attack a sentence collaterally may be waived so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005)

5

(collecting cases). Whether a waiver is knowing and voluntary depends "'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

Typically, a "defendant's solemn declarations in open court affirming [a plea] agreement … 'carry a strong presumption of verity,'" *United States v. White*, 366 F.3d 291, 295 (4th Cir. 2004) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977)), because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003). Accordingly, "in the absence of extraordinary circumstances," a Section 2255 motion that attacks "sworn statements made during a … Rule 11 colloquy" will normally be dismissed. *Lemaster*, 403 F.3d at 221.

Here, the Court finds that Defendant knowingly and voluntarily waived her right to collaterally attack her sentence. During her guilty plea hearing, Defendant stated that she felt physically "okay" and was not taking medicine which would inhibit her ability to make important decisions. Dkt. 92 at 5:19–23, 6:5–6. While she mentioned that she was being "treated for bipolar disorder," the Court nonetheless determined, considering the totality of the circumstances, that Defendant was "competent to plead." *Id.* at 4:7–23, 5:18–24. Moreover, her sworn statements indicate that she entered the plea agreement willingly and with full knowledge of its terms and ramification. Defendant expressed satisfaction with her attorney, *id.* at 6:5–8; affirmed that she read and understood the plea agreement, *id.* at 13:3–6; acknowledged that she would still be bound to her plea agreement even if the court sentenced her to a more severe sentence than she expected, *id.* at 11:2–7; and affirmed that she was waiving her right to appeal and her right to collaterally attack her sentence. *Id.* at 13:18–14:4.

The Court takes her at her word. Reviewing the record, the Court can ascertain no evidence tending to show that Defendant did not knowingly and voluntarily waive her right to collaterally attack her sentence. Furthermore, Defendant has identified no extraordinary circumstances to justify Defendant's collateral attack on her plea agreement. Indeed, she does not explain—let alone demonstrate—why her new diagnosis would have materially altered her ability to knowingly and voluntarily waive her rights.

Therefore, concluding that Defendant's waiver of her right to collaterally attack her sentence is valid, Defendant "cannot challenge [her] conviction or sentence in a § 2255 motion." *Lemaster*, 403 F.3d at 220. Defendant's motion will, thus, be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's "motion to vacate pursuant to 28 U.S.C. § 2255" is hereby **DISMISSED**. Dkt. 84. Conversely, the Government's motion to dismiss is **GRANTED**. Dkt. 95.

It is so **ORDERED.**

The Clerk of the Court is directed to send this Order to the parties.

Entered this 8th day of November 2023.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE