UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTINE FAVARA ANDERSON,<br><br>*Defendant.* | CASE NO. 3:21-cr-00005<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>JUDGE NORMAN K. MOON |

    The United States Probation Office has identified Defendant Christine Favara Anderson as eligible for a sentence reduction pursuant to Amendment 821 of the United States Sentencing Guidelines. Concluding that Defendant is indeed eligible for a sentence reduction, the Court will nevertheless decline to grant her one because the 18 U.S.C. § 3553(a) factors weigh heavily and decisively against Defendant's early release.

## BACKGROUND

    In May 2021, a federal grand jury charged Defendant with three counts of mail fraud, in violation of 18 U.S.C. § 1341; eight counts of wire fraud, in violation of 18 U.S.C. § 1343; one count of false statements, in violation of 18 U.S.C. § 1001(a); and one count of concealing records in a federal investigation, in violation of 18 U.S.C. § 1519. Dkt. 11. These charges related to multiple complex fraud schemes perpetrated by Defendant. First, she "took money from book authors by promising to be their book publisher" and "later failed to pay the authors their royalties as owed and did not provide products and services they negotiated." Dkt. 34 ¶ 2. Second, in a different scheme, she "misrepresented her wealth through proof of funds notes" to purchase "expensive real estate." *Id.* ¶ 3. During both schemes she used a "false cancer diagnosis to garner sympathy" from her victims. *Id.* ¶¶ 2–3.

1

In July 2021, Defendant agreed to plead guilty to the aforementioned wire and mail fraud counts pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Dkt. 32, and the Court accepted her plea, Dkt. 62.

Ahead of sentencing, Probation calculated Defendant's criminal history category as IV and her offense level as 22, resulting in an advisory guideline range of 63–78 months. Dkt. 103. The Court, however, imposed an above-guidelines sentence of 144 months imprisonment. Dkt. 62.

## ANALYSIS

Here, the Court will decline to reduce Defendant's sentence. The Supreme Court "require[s] district courts to follow a two-step approach" when considering a sentence reduction under an amendment to the Sentencing Guidelines. *Dillon v. United States*, 560 U.S. 817, 827 (2010); *see also* 18 U.S.C. § 3582(c)(2). First, a court should ascertain whether a defendant's sentencing range has "been lowered by the Sentencing Commission," and second, if it has, "the court *may reduce* the term of imprisonment, after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added); *Dillon*, 560 U.S. at 827. In the present case, the Court will conclude both that Defendant is eligible for a sentence reduction but also that the Section 3553(a) factors weigh decisively against Defendant's early release.

**I. DEFENDANT IS ELIGIBLE FOR A SENTENCE REDUCTION UNDER AMENDMENT 821.**

   a. *Amendment 821*

Amendment 821 made two major changes to the United States Sentencing Guidelines. In Part A to Amendment 821, the Sentencing Commission limited the impact of "status points"— i.e., criminal history points assigned to defendants for committing an offense while under a

criminal justice sentence—on a defendant's criminal history calculation. For defendants sentenced before the amendment, Part A instructs courts: (1) to remove one status point for individuals with seven or more criminal history points and (2) to eliminate status points for those with six or less criminal history points. *See* USSG § 4A1.1(e). The result is the retention of status points for only those criminal defendants who have particularly lengthy criminal histories. Specifically, defendants with seven or more criminal history points will receive one status point if they commit an offense while under an existing criminal justice sentence.[1] USSG § 4A1.1(e).

Meanwhile, Part B to Amendment 821 provides a mechanism for certain zero-point offenders—i.e., criminal defendants with no criminal history points—to obtain a two-level reduction of their offense level. *Id.* § 4C1.1.

Significantly, the United States Sentencing Commission has announced that the changes made by Part A and Part B of Amendment 821 apply retroactively. *Id.* §§ 1B1.10(a)(1), 1B1.10(d). Accordingly, the Court "*may* reduce [a] defendant's term of imprisonment" in accordance with the Amendment. *Id.* § 1B1.10(a)(1) (emphasis added).

    b. *Application of Amendment 821 to Defendant's Case*

Defendant is eligible for a sentence reduction under Part A of Amendment 821, but ineligible for a reduction pursuant to Part B. Turning first to Part B, Defendant is clearly ineligible. Not only does she not have a criminal history score of zero, but she actually has a substantial criminal history. *Id.* § 4C1.1(a)(1). Accordingly, her offense level will remain 22. Dkt. 103.

---

[1] For comparison, previously, a criminal defendant received two status points if they committed an offense while under a criminal justice sentence, without regard to the number of criminal history points the defendant otherwise received. *See* USSG § 4A1.1(d) (1987).

By contrast, Defendant is eligible for Part A of Amendment 821. Excluding status points, Probation calculated Defendant's criminal history score as five. Dkt. 103. Thus, because her criminal history score was six or less, the revised guidelines counsel that status points no longer apply to Defendant. USSG § 4A1.1(e).

Consequently, if Defendant was sentenced today, with a criminal history score of five, she would only have a criminal history category of III, rather than IV. Dkt. 103. It follows that with an offense level of 22, her new guideline range would be 51 to 63 months imprisonment, rather than 63 to 78 months. Dkt. 103.

## II.   THE 18 U.S.C. § 3553(a) FACTORS WEIGH AGAINST GRANTING DEFENDANT A SENTENCE REDUCTION.

However, just because Defendant is eligible for a sentence reduction does not mean the Court should grant her one; indeed, in this case, the Section 3553(a) factors are dispositive: they counsel the Court against a sentence reduction.

The Court notes that "the nature and circumstances of [Defendant's] offense" are particularly disturbing. 18 U.S.C. § 3553(a)(1). Defendant defrauded 23 victims out of roughly $1,600,000, and she did so through trickery and deception. Dkt. 46 ¶¶ 8–37. Specifically, she shamelessly claimed to have cancer in order to garner sympathy from and then exploit her victims. *Id.* ¶¶ 15, 24, 25, 30, 34, 38. And the "wide-ranging and relentless nature of [Defendant's] fraud" wrought serious emotional and financial harm on her victims. Dkt. 81 at 7–39, 51–54. As one victim explained:

> [Defendant] brought stress and terror to our lives having taken out insurance policies on our property with the intent to do harm or burn it, and also wrote and attempted to cash counterfeit checks from our bank account, which she accessed during visits to the property as the potential buyer. Christine Anderson contributed to the stress-related growth of my husband's cancer tumors, and of my anxiety disorder because of her calculated, willful, and unlawful acts.

Dkt. 109 (Ex. 2) at 1. At bottom, Defendant's "extensive and recalcitrant history of fraud"—by itself—justifies a lengthy sentence.[2] Dkt. 81 at 51–54.

Previously, the Court determined a sentence of 144 months to be "sufficient but certainly not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense, to adequately deter criminal conduct and to protect the public from further crimes of the defendant." *Id.* The Court continues to believe that the Section 3553(a) factors support a 144-month sentence.

In sum, even though Defendant is eligible for a sentence reduction under Amendment 821, the Court will, nonetheless, decline to grant her one. The Section 3553(a) factors support a sentence of 144 months imprisonment.

## **CONCLUSION**

For the above reasons, Defendant's motion to reduce sentence pursuant to Amendment 821 is hereby **DENIED**. Dkt. 103; Dkt. 112.

---

[2] Defendant, for her part, claims to have changed for the better. Defendant insists that "mental illness … played a large role in her offense," Dkt. 112 at 5, and that, until recently, she "labor[ed] under a long-term misdiagnosis"—a medical mistake which supposedly prevented her from receiving "appropriate [mental health] treatment." *Id.* Defendant now claims to be taking steps toward rehabilitation. In particular, she points to the therapeutic programming she has completed and her work in prison as evidence of her recovery. *Id.* at 6. The Court acknowledges that Defendant's history and characteristics provide some context for her actions, but the Court also notes that her past does not excuse her conduct. Moreover, given Defendant's "remarkable ability to deceive and defraud the public," the Court is skeptical of her ability change; the Court continues to believe that it is likely that Defendant "probably will, as long as she can get away with it, be a recidivist." Dkt. 81 at 53.

It is so **ORDERED**.

Entered this 22nd day of February, 2024.

The Clerk of Court is directed to send this Memorandum Opinion & Order to all counsel of record.

```
_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE
```